IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDRE LYNEAL WALLACE, #27784-001                                    PLAINTIFF

VERSUS                             CIVIL ACTION NO. 3:17-cv-781-TSL-RHW

MR. "UNKNOWN" CRAWFORD                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

### I.  FACTUAL BACKGROUND

Pro se Plaintiff Andre Lyneal Wallace, an inmate housed at the Federal Correctional Complex, Yazoo City, Mississippi, initiated this action on September 25, 2017. On January 22, 2018, the Court entered an Order [8] directing Plaintiff to file a response on or before February 13, 2018. That Order [8] warned Plaintiff that his failure to timely comply with the requirements of the Order or advise the Court of a change of address may lead to the dismissal of the Complaint. *Id*. at 2. The Order [8] was mailed to Plaintiff at his last known address.

When Plaintiff failed to comply with the Order [8] entered January 22, 2018, an Order to Show Cause [9] was entered on February 28, 2018, requiring that on or before March 22, 2018, Plaintiff:  (1) file a written response, showing cause why this

case should not be dismissed for Plaintiff's failure to comply with the Court's prior Order [8]; and (2) comply with the Court's prior Order [8] by filing the required response. Order [9] at 1-2. Plaintiff was cautioned that failure to timely comply with this Order [9] or his failure to keep the Court informed of his current address may result in the dismissal of this case. *Id*. at 2. Plaintiff did not comply.

Since Plaintiff is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders prior to the dismissal of this case. On April 5, 2018, a Second and Final Order to Show Cause [10] was entered. That Order [10] required that on or before April 27, 2018, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's previous Orders [8, 9]; and (2) comply with the Court's previous Orders [8, 9] by filing the required response. Order [10] at 1-2. Plaintiff was warned that his "failure to timely comply with any order of the Court or failure to advise the Court of a change of address will be deemed as a purposeful delay and contumacious act by Plaintiff and **will result** in this cause being dismissed without prejudice and **without** further notice to Plaintiff." *Id*. at 2. Plaintiff did not respond to this Order [10] or otherwise contact the Court about this case.

2

## II. DISCUSSION

The Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Plaintiff did not comply with multiple Orders after being warned several times that failing to do so might result in the dismissal of his lawsuit. Order [3] at 2; Order [4] at 2; Order [6] at 2. Plaintiff has not contacted the Court since January 9, 2018. Such inaction represents a clear record of delay or contumacious conduct by Plaintiff. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven

3

futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the 15th day of May, 2018.

    /s/Tom S. Lee
    UNITED STATES DISTRICT JUDGE